# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MAURICIO J. RIZO GOMEZ,

     Petitioner,

v.                                    No. 26-cv-905-SMD-JHR

PAMELA BONDI, Attorney General of the United States;
SECRETARY, U.S. Department of Homeland Security;
MARY DE ANDA-YBARRA, El Paso Field Office Director,
Immigration and Customs Enforcement; TODD LYONS,
Acting Director of Immigration and Customs Enforcement; and
WARDEN, Otero County Processing Center,

     Respondents.[1]

## ORDER TO ANSWER, GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, AND PROHIBITING TRANSFER OUT OF DISTRICT

Before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner is detained at the Otero County Processing Center in Chaparral, New Mexico. Also before the Court is Petitioner's Motion to Proceed In Forma Pauperis. (Doc. 2) (IFP Motion). It appears Petitioner is unable to prepay the $5.00 habeas filing fee. The Court will grant the IFP Motion pursuant to 28 U.S.C. § 1915(b)(4) and Petitioner shall be excused from prepaying the filing fee.

Construed liberally, the Petition alleges Petitioner has been in immigration custody since January 13, 2026, his removal proceedings remain pending, and he has not received a bond

---

[1] The Court adds/substitutes the above-listed parties as Respondents. *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

hearing.   (Doc. 1) at 4-7.   Having reviewed the record, the Petition raises a colorable claim for relief.   It does not appear that Petitioner has been provided a bond hearing under 8 U.S.C. § 1226; nor does it appear that he is being detained pursuant to a final order of removal.   Accordingly, the Court will order Respondents to answer the Petition (Doc. 1).

The Clerk's Office has electronically served the Petition on Respondents via CM/ECF.   *See* (Doc. 3).   The United States Attorney's Office (USAO) shall answer the Petition (Doc. 1) within 10 business days of entry of this Order and show cause why the requested relief should not be granted.   *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition).   Petitioner may file an optional reply within 10 business days after the answer brief is filed.   The Court will also enjoin Respondents from transferring Petitioner out of the District of New Mexico while these proceedings are pending, or until further order of this Court.

**IT IS THEREFORE ORDERED** that the USAO shall **ANSWER** the Petition (**Doc. 1**) within 10 business days of entry of this Order and show cause why the requested relief should not be granted.   Petitioner may file an optional reply within 10 business days after the response is filed.

**IT IS FURTHER ORDERED** that the Government is **ENJOINED** from transferring Petitioner from the District of New Mexico while these proceedings remain pending, absent express written authorization from this Court.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed In Forma Pauperis. (**Doc. 2**) is **GRANTED**.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **UPDATE** the case caption to match the party Respondents added/substituted via this Order.

_____
SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE